UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20018-CR-WILLIAMS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.

**TENZIN ORGIL,**

      **Defendant.**

_____/

### UNITED STATES' UNOPPOSED MOTION FOR POST-INDICTMENT PROTECTIVE ORDER PERMITTING UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY

The United States of America (the "United States"), through the undersigned Assistant United States Attorney, respectfully requests the entry of a protective order permitting the United States to maintain custody of seized property in order to preserve its availability for forfeiture, pursuant to 21 U.S.C. § 853(e)(1)(A). In support of this motion, the United States submits:

1. On or about January 18, 2023, the law enforcement executed a search warrant at the residence of Defendant Tenzin Orgil ("Defendant") in Irvine, California and seized the following (collectively, "Property"):

    a. One (1) Men's Rolex Oyster Perpetual Day-date 40 Serial No. 310P55DO;

    b. One (1) Men's Rolex Oyster Perpetual Day-date 36 Serial No. WK496415; and

    c. $23,978.00 in United States Currency.

Search Warrant, 8:23-MJ-00033-DUTY (C.D. Cal.).

2. Pursuant to 18 U.S.C. § 983(a)(1)(A), the Drug Enforcement Administration ("DEA") sent written notice to interested parties of the DEA's intent to forfeit the Property in a

non-judicial, administrative forfeiture proceeding, and caused notice of the forfeiture to be published on an official government internet site.

3. On or about March 20, 2023, the DEA received claims from third parties contesting the administrative, non-judicial civil forfeiture of the Rolex watches.[1]

4. On January 17, 2023, a grand jury returned an Indictment against the Defendant charging him in Count 1 with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, in Counts 2 through 5 with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and in Count 5 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Indictment, ECF No. 1.

5. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846 or 841, as alleged in the Indictment, the Defendant shall forfeit to the United States any property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense pursuant to 21 U.S.C. § 853. *See id.* at 5. The Indictment further alleged upon a conviction of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such offense pursuant to 18 U.S.C. § 982(a)(1).

6. On April 4, 2023, the United States filed a Bill of Particulars as to Forfeiture, ECF No. 34, alleging that the Property was subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

7. Pursuant to 18 U.S.C. § 983(a)(3), within 90 days of the administrative claims being

---

[1] The DEA has not received a claim for the $23,978.00 in United States Currency.

submitted by the third-party claimants, by Jun 18, 2023, the United States must either: (1) return the Rolex watches; (2) commence a civil judicial forfeiture action against the Rolex watches; and/or (3) commence criminal forfeiture against the Rolex watches and, in accordance with 18 U.S.C. § 983(a)(3)(B)(ii)(II), "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." See 18 U.S.C. § 983(a)(3).

7. In accordance with the third option, the United States has filed a Bill of Particulars providing notice that the United States is seeking criminal forfeiture of the Property pursuant to 21 U.S.C. § 853 and 18 U.S.C § 982(a)(1). See Bill of Particulars, ECF No. 34.

8. Because the Property is already in its custody, the United States only requires an order permitting the United States to maintain such custody until the conclusion of the criminal case to comply with 18 U.S.C. § 983(a)(3)(B)(ii)(II). See *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same); *In Re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same).

8. Section 853(e)(1)(A) authorizes the entry of a protective order of the Property "upon the filing of an indictment. . . alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section." 21 U.S.C. § 853(e)(1)(A).

9. Accordingly, pursuant to 21 U.S.C. § 853(e)(1)(A), the United States is entitled to a protective order because the Property has been alleged to be subject to forfeiture. See 18 U.S.C. § 853(e)(1)(A); Bill of Particulars, ECF No. 34.

WHEREFORE, the United States respectfully requests that the Court issue an order, under 21 U.S.C. § 853(e)(1), permitting the United States to maintain custody of the Property through

the conclusion of the pending criminal case and any criminal forfeiture proceeding. A proposed order is attached hereto.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on May 1, 2023, and there is no opposition/objection to the relief sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
Nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089